James N. Fincher, S.B.N 196837
Merced County Counsel
Roger S. Matzkind, S.B.N. 77331
Chief Civil Litigator
James E. Stone, S.B.N. 197803
Deputy County Counsel
2222 M Street
Merced, CA  95340
Tel:    (209) 385-7564
Fax:    (209) 726-1337

Attorney for County of Merced and Paul Barile

United States District Court

Eastern District Of California - Fresno

| Noel Lemus, Adolfo Lemus,<br><br>   Plaintiffs,<br><br>   v.<br><br>County of Merced, Merced County Sheriff's Department, Paul Barile, and Does 1-50, inclusive,<br><br>   Defendants. | Case No: 1:15-cv-00359-MCE-GSA<br><br>Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint [Fed. R. Civ. P. 12(b)(6)], or in the Alternative, Motion to Strike [Fed. R. Civ. P. 12(f)]<br><br>Date:  June 25, 2015<br>Time:  2:00 p.m.<br>Courtroom:  7, 14th floor |
|---|---|

## I.
## Introduction

This case arises from an incident that occurred on March 8, 2013 at 2242 E. Reilly Road in Merced, California.  Plaintiffs' first amended complaint (FAC) alleges plaintiff Noel Lemus was visiting his father, plaintiff Adolofo Lemus, who was hosting a social gathering at that address. (Doc. 15, 3:1-3.)  The FAC alleges defendants received a complaint of noise and gunshots at the residence, and defendants were dispatched to investigate. (Doc. 15, 3:4-9.)  When defendants arrived at the residence, they observed a bonfire, music, and people. (Doc. 15, 3:12-14.)  It alleges defendant Barile entered the residence and found plaintiff,

Adolfo Lemus sleeping. (Doc. 15, 3:25-27.) Plaintiff Adolfo Lemus apologized for the noise and told defendant Barile they were having a party and the guests were drinking alcohol. (Doc. 15, 4:1-4.) It alleges defendants searched the house and found ammunition. (Doc. 15, 4:10-11.) It alleges defendants found plaintiff Noel Lemus in the bedroom, passed out from alcohol consumption. (Doc. 15, 4:14-16.) It alleges defendant Barile knew plaintiff Noel Lemus to be under the influence of alcohol and had difficulty responding. (Doc. 15, 4: 24-25.) Plaintiff Noel Lemus was placed in handcuffs and taken out of his father's home. (Doc. 15, 5:7.) Plaintiff Noel Lemus informed defendant he was a peace officer and was in possession of his duty weapon and requested leniency from the officers. (Doc. 15, 5:7-9.)

Plaintiffs' only cause of action is against the County of Merced and Paul Barile. (Doc. 15, 7: 12-14.) It purports to allege a violation of plaintiffs' civil rights under 42 U.S.C. section 1983. It alleges unlawful search and seizure, excessive force by Deputy Barile, and a custom and policy of "sergeant shopping" by the County of Merced.

## II.

### Legal Standard for Motion to Dismiss

Fed. R. Civ. P. 12(b) provides, in pertinent part, ". . . a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted. . . ."

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).)

To meet this requirement, the complaint must be supported by factual allegations. "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).) "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. (*Id.,* at 679.) *Iqbal* and *Twombly* therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." (*Ibid.*)

"Plausibility," as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Iqbal, supra*, 556 U.S. at 678.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Ibid.*, quoting *Twombly*, 550 U.S. at 557.) A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).)

A pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (*Iqbal, supra,* 559 U.S. at 678.)

///
///
///

## III.

## The FAC Fails to Allege Facts Sufficient to Constitute a Cause of Action Upon Which Relief Can Be Granted Against the County of Merced:  No *Monell* Type Liability is Alleged

In *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978), the Supreme Court established that municipal liability under 42 U.S.C. § 1983 cannot be based on a respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights.  (*Id.*, at 691-695.)  Municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  (*Id.,* at 694.)

In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." (*Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) [quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citations omitted].)

### A.   Even if the allegations against the County were true, "sergeant shopping" does not violate a Constitutional or federal statutory right.

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." (*Baker v. McCollan*, 443 U.S. 137, 146 (1979).)

"To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." (*Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. Cal. 2001) [citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)].)

Additionally, as the appellate court explained in *Crowley v. Nevada*, 678 F.3d 730 (2012), "Section 1983 can be used as a mechanism to enforce federal rights guaranteed by statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question." (*Id.*, at 734-735.) The court explained: "To determine whether a federal statute has created rights enforceable through a § 1983 action, the court considers whether the statute: (1) is intended to benefit a class of individuals of which the plaintiff is a member; (2) sets forth a standard, clarifying the nature of the right, that makes the right capable of enforcement by the judiciary; and (3) is mandatory, rather than precatory in nature." (*Id.*, at 745.)

The FAC does not allege what constitutional or federal statutory right has been violated by the County. It only alleges "Defendant COUNTY violated Plaintiff's civil rights through its policy and custom of 'sergeant shopping' . . . ." (Doc. 15, 8:20-21.) It alleges defendant Barile first went to Sergeant Harris, who instructed him not to write a report. (Doc. 15, 5:10-11.) It alleges defendant Barile then went "sergeant shopping" for someone who would approve the filing of the report and the referral of the matter for the filing of criminal charges. (Doc. 15, 5:24-26.) It alleges "On information and belief Defendant BARILE's actions in 'sergeant shopping' are consistent with the custom and practice of changing sergeants to effectuate a desired outcome." (Doc. 15, 6:1-3.) It alleges, "In condoning the custom of 'sergeant shopping' Defendant COUNTY OF MERCED acted with deliberate indifference to Plaintiff's constitutional rights." (Doc. 15, 9:4-5.)

Assuming for the purposes of this motion the County has a policy and custom of "sergeant shopping" for someone who would approve the filing of a report or the referral of a matter for the filing of criminal charges, such a policy would not amount to a violation of a constitutional or federal statutory right.

Indeed, it would be unethical for a deputy not to file a report, or not to seek referral of a matter for the filing of criminal charges against someone just because he or she is a fellow officer. It would likewise be unethical for a law enforcement supervisor to recommend not writing a report or not referring a matter for the filing of criminal charges against someone just because he or she is a fellow officer. Reasonable law enforcement personnel could differ as to what is legally sufficient. Plaintiffs do not, and cannot, allege what constitutional provision or federal right was violated.

### B. The FAC fails to show the County of Merced has a policy or custom of "sergeant shopping".

There are three ways to show a policy or custom of a municipality: (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. (*Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005) [citations omitted].) The FAC fails on all three elements.

#### 1. Plaintiffs have not alleged sufficient facts to show the County has a widespread custom or practice of "sergeant shopping".

A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." (*St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988); *L. A. Police Protective League v. Gates,* 907 F.2d 879, 890 (9th Cir. 1990).)

"A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-

1 policymaking employee." (*McDade v. West,* 223 F.3d 1135, 1141 (9th Cir. 2000).)
2 "Liability for improper custom may not be predicated on isolated or sporadic
3 incidents; it must be founded upon practices of sufficient duration, frequency and
4 consistency that the conduct has become a traditional method of carrying out
5 policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. Cal. 1996).)

6     The FAC makes the conclusory allegation that the "constitutional
7 violation" of 'sergeant shopping' by the County is 'widespread and of common
8 practice' . . . ." (Doc. 15, 9:11.) However, as shown above, even if the County had
9 a policy of "sergeant shopping", this allegation does not amount to a
10 constitutional violation. Further, just stating the conclusory words "widespread
11 and of common practice" is insufficient to support a claim against the County.
12 (See *Ashcroft v. Iqbal, supra,* 559 U.S. at 678.)

13     **2.   The FAC provides no facts to show how an unnamed sergeant**
14 **and unnamed captain have authority to make final government policy for the**
15 **County of Merced.**

16     A complaint must be supported by factual allegations. (*Ashcroft v. Iqbal,*
17 *supra,* 559 U.S. at 678.) Conclusory statements are not sufficient, and are not
18 entitled to a presumption of truth. (*Id.,* at 679.)

19     The FAC alleges that an unnamed sergeant who approved the filing of the
20 report was a "final policymaking authority", and that an unnamed captain who
21 approved referring the matter for filing of criminal charges was a "final
22 policymaking authority". (Doc. 15, 6:4-10.) There are no factual allegations to
23 support these conclusory statements. Further, approving the filing of a report or
24 approving referral of a matter for filing of criminal charges do not rise to the
25 level of a constitutional violation.

26     "Although a police sergeant may have discretion to recommend hiring,
27 firing, and discipline of employees, he or she is not the city official responsible for
28 establishing final department policy in this area. The fact that a particular

official -- even a policymaking official -- has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. . . . The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." (*Collins v. San Diego,* 841 F.2d 337, 341-342 (9th Cir. 1988) [internal citations and quotation marks omitted].)

In *Alexander v. City & County of San Francisco*, 29 F.3d 1355 (9th Cir. 1994), the court held that the plaintiff "cites neither facts nor law showing that a San Francisco police commander is an authorized decisionmaker for the City and County of San Francisco." (*Id.* at 1368.)

Here, like in *Collins* and in *Alexander*, as plaintiffs allege neither facts nor law showing the unnamed sergeant or the unnamed captain have the authority to establish final government policy for the County of Merced, or that the actions of the sergeant or captain may fairly be said to represent an official policy, the allegations do not support a claim for municipality liability.

### 3. The FAC does not show that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

The FAC alleges the unnamed sergeant who approved the filing of a report, and the unnamed captain who approved referring the matter for filing of criminal charges ratified defendant Barile's actions. (Doc. 15, 6:4-14.) However, as shown above, there are no factual allegations to support the conclusory statement that the unnamed sergeant or the unnamed captain had authority to establish final government policy for the County of Merced. As such, they could not have delegated that authority to, or ratified a decision of, defendant Barile.

///
///
///

**C. Plaintiffs do not allege a specific injury suffered, or a causal relationship between a policy and an injury.**

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. (See *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).)

Under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. (*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).)

Absent from the FAC is an adequate allegation regarding what injury was suffered as a result of the County's alleged policy of "sergeant shopping", or how the alleged policy caused plaintiffs harm.  There is only a conclusory statement that the County's policy caused injury.  (Doc. 15, 8: 22-24.)  The FAC does not specifically explain what the injury was, or how the alleged policy of "sergeant shopping" caused it.  Because there are insufficient allegations regarding causation, plaintiffs have failed to properly state a *Monell* claim and dismissal is appropriate.

## IV.

## In the Alternative, Plaintiffs' Claims Against the County of Merced Should be Stricken

Fed. R. Civ. P. 12(f) provides that a party may move to have stricken from a pleading any redundant, immaterial, impertinent, or scandalous matter.  While it can be used to attack an entire pleading, it is more often used to attack portions thereof.  (See *Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir. 1993), reversed on other grounds in *Fogerty v. Fantasy, Inc*, 510 U.S. 517 (1994).)

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  (5 Charles A.

1  Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07
2  (1990).)
3     The FAC alleges "Defendant COUNTY violated Plaintiff's civil rights
4  through its policy and custom of 'sergeant shopping' . . . ."  (Doc. 15, 8:20-21.)
5     As shown above, even if the allegations against the County of Merced were
6  true, "sergeant shopping" is not a constitutional violation.  Further, the FAC fails
7  to show the County of Merced has a policy or custom of "sergeant shopping".
8  Therefore, plaintiffs' claim that the County violated plaintiffs' constitutional
9  rights by "sergeant shopping" is immaterial.  As such, plaintiffs' claims against
10 the County of Merced should be stricken from the FAC.

## V.

## Conclusion

As the facts alleged in the FAC do not involve any custom, practice, procedure or regulation which cause a violation of a constitutional right, plaintiffs have failed to properly state a *Monell* claim.  As such, plaintiffs fail to allege facts sufficient to constitute a cause of action upon which relief can be granted against the County of Merced.  In the alternative, as "sergeant shopping" is not a constitutional violation, plaintiffs' claims against the County of Merced are immaterial and should be stricken.

In light of the foregoing, moving defendants respectfully requests that the court grant the motion to dismiss the County of Merced, or in the alternative, strike plaintiffs' claims against the County of Merced.

Dated:  May 12, 2015                         James N. Fincher
                                             Merced County Counsel


                                      By: /s/ James E. Stone
                                          James E. Stone
                                          Deputy County Counsel,
                                          Attorney for Defendants