FILED

**NOT FOR PUBLICATION**

OCT 23 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADOLFO LEMUS and NOEL LEMUS,<br><br>              Plaintiffs - Appellees,<br>v.<br><br>COUNTY OF MERCED,<br><br>              Defendant,<br>  and<br><br>PAUL BARILE,<br><br>              Defendant - Appellant. | No. 16–16092<br><br>D.C. No.<br>1:15-cv-00359-MCE-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge

Submitted October 16, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Defendant Paul Barile appeals the district court's denial of his motion to dismiss based on qualified immunity. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo "the district court's refusal to grant immunity at the pleading stage in a § 1983 action." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). We conclude that the Second Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), namely that a reasonable officer in Barile's position would have known that Barile's conduct violated a clearly established constitutional right, *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001), *as modified by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Barile lacked a warrant. His entry onto the Lemus property was therefore presumptively unreasonable and a violation of the Fourth Amendment. *Payton v.*

*New York*, 445 U.S. 573, 586 (1980). In addition, the facts alleged[1] show it was plausible that Barile had neither (1) "an *objectively reasonable basis* for concluding that there [was] an immediate need to protect others or [himself] from serious harm" (the emergency exception), nor (2) "probable cause to search" and "exigent circumstances [to] justif[y] the warrantless intrusion" (the exigency exception). *Hopkins v. Bonvicino*, 573 F.3d 752, 763–64, 766–67 (9th Cir. 2009) (citations omitted).

The Second Amended Complaint states Barile was dispatched to the Lemus residence following a noise and gunshot complaint. When he arrived, he observed "evidence of a social gathering including *inter alia*, a bon fire, music, and people mulling about and cleaning up." Barile "claim[ed] that he recognized the residence and property from an investigation he conducted several years prior," but, according to the complaint, "[t]he investigation [Barile] refer[red] to occurred over ten years ago." These alleged facts plausibly show Barile lacked an objectively reasonable basis to conclude there was an immediate need to protect himself or

---

[1] The facts are taken from the Second Amended Complaint. While Barile is correct that a court may consider certain documents outside the complaint in deciding a motion to dismiss, *Harris v. Amgen, Inc.*, 788 F.3d 916, 934 (9th Cir. 2014), *rev'd on other grounds*, 136 S. Ct. 758 (2016), the plaintiffs' entire theory of the case puts the veracity of Barile's written report squarely in dispute, as does the Second Amended Complaint itself. Accordingly, we rely on the facts as presented in the Second Amended Complaint.

others from serious harm, as required to meet the emergency exception. *See United States v. Snipe*, 515 F.3d 947, 951–52 (9th Cir. 2008).

The facts alleged also plausibly show Barile lacked probable cause and exigent circumstances to justify a warrantless search. First, the report of gunshots "at or near [the] residence" does not itself provide probable cause. *Cf. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses."). And because the remnants of a party and the presence of social guests do not necessarily show that relevant evidence was about to be destroyed, nor indicate a suspect was trying to escape, nor that some other legitimate law enforcement effort would be frustrated, the facts plausibly show no exigent circumstances existed. *See Hopkins*, 573 F.3d at 763.

Since the Second Amended Complaint alleges facts sufficient to survive Barile's motion to dismiss, it is immaterial whether the district court relied on the Merced County Superior Court's finding regarding Noel Lemus's motion to suppress, as "[w]e may affirm the district court on any basis supported by the record." *Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005). Because to survive a

4

motion to dismiss a complaint need only state a claim for relief that is plausible, *Iqbal*, 556 U.S. at 678, we need not address whether Lemus's claims would survive a motion for summary judgment on a more developed record.

**AFFIRMED**.